

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CASE NO. 1:07-CR-184(1) |
| | § § | |
| MICHAEL BOYD JENKINS | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On December 9, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, on **Count 1** of the charging **Second Superseding Indictment** filed in this cause. Count 1 of the Second Superseding Indictment charges that from on or about September 1, 2006, and continuing thereafter until on or about August 27, 2007, in the Eastern District of Texas and elsewhere, Michael Boyd Jenkins., and

several other named Defendants, did knowingly and intentionally combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury to knowingly and intentionally possess with intent to distribute 500 grams or more of a Schedule II controlled substance, namely a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

Defendant, Michael Boyd Jenkins, entered a plea of guilty to Count 1 of the Second Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 21 U.S.C. § 846.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty. The Government and Defendant agreed that the Government would have proven that Defendant is one and the same with the person charged in the Second Superseding Indictment and that the events described in the Second Superseding Indictment occurred on the dates as alleged in the Eastern District of Texas. The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven certain stipulated facts set forth in the *Factual Basis,* on file in the record of this cause. The *Factual Basis* states those facts as follows:

The Government would present the testimony of expert witnesses and admissible exhibits to prove that on or about September 1, 2006, conspirator Michael Boyd Jenkins began purchasing multi-ounce quantities of methamphetamine from co-conspirators, Gregory Lucas

Pena and Scott Lewis Christie in Houston, Texas and/or in Tyler County, Texas. Pena and Christie received this methamphetamine from co-conspirator Eddie Perez, Jr. All of the methamphetamine purchased by Michael Jenkins was brought into the Eastern District of Texas and was distributed to other co-conspirators to be further distributed throughout the Tyler County area. Michael Jenkins and other co-conspirators continued this bi-weekly purchasing of methamphetamine until on or about December, 2006.

On or about December 14, 2006, co-conspirators Noel Garza and Amanda Marie Zepeda became involved in the conspiracy by receiving the methamphetamine directly from co-conspirator, Eddie Perez, Jr. and his associates acting on his behalf and distributing the multi-ounce quantities of methamphetamine to Michael Jenkins and other co-conspirators. Pena and Christie continued their involvement during this time by directing Garza and Zepeda in the distribution and retrieving the money from Garza and Zepeda once the methamphetamine was distributed. Garza and Zepeda continued their involvement in this conspiracy until they were arrested on January 24, 2007.

On or about January 24, 2007, co-conspirators Pena and Christie became involved again in the actual distribution of the methamphetamine they received from co-conspirator Perez, which was then distributed to Michael Jenkins and other co-conspirators.

On or about April 1, 2007, co-conspirator Ernest Wayne Jenkins became involved in this conspiracy. Ernest Jenkins began traveling with Michael Jenkins to Houston, Texas and received his own multi-ounce quantities of methamphetamine from Pena and Christie and Eddie Perez, Jr., to distribute throughout Tyler County, Texas and the Eastern District of Texas. Ernest

Jenkins then distributed the methamphetamine received to at least five of the co-conspirators to further distribute throughout the Eastern District of Texas.

On or about July 15, 2007, Eddie Perez, Jr., ended his participation in the conspiracy. However, at this time, Michael Jenkins, Ernest Jenkins and other co-conspirators began receiving multi-ounce quantities of methamphetamine from co-conspirator Alfred Resendez, a/k/a "Mingo" bi-weekly. These multi-ounce quantities of this methamphetamine was then distributed by Michael Jenkins and Ernest Jenkins to other co-conspirators to be distributed throughout the Eastern District of Texas. The conspiracy was concluded on August 27, 2007 when Michael Jenkins, Arthur Richard Gernon, and David Ryan Corbitt were arrested in the Eastern District of Texas after receiving a quantity of methamphetamine from Resendez in Houston, Texas. The substance recovered from Michael Jenkins, Gernon and Corbitt was determined by a forensic analyst with the Jefferson County Crime Laboratory to be methamphetamine in an amount of 81.32 grams. The total amount of methamphetamine distributed in this conspiracy from on or about September, 2006 until August 27, 2007, is approximately 25 kilograms.

During this entire conspiracy, co-conspirators, Steven Eldridge Harville, William Earl Callaway, Jr., Janice Fails, John Wayne Watts, Darren Russell Votaw and Edward Buford Hoyt received portions of the quantities of the methamphetamine received by Michael Jenkins and/or Ernest Jenkins and distributed this methamphetamine throughout the Eastern District of Texas.

Defendant, Michael Boyd Jenkins, agreed with the facts set forth by the Government and signed the *Factual Basis and Stipulation*. Counsel for Defendant and the Government attested to

Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

**RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Second Superseding Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Michael Boyd Jenkins, be finally adjudged as guilty of the charged offense under Title 21, United States Code, Section 846.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes

advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 9th day of December, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE